# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRES FELIPE OCHOA SERNA,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-02450-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND DENY PETITIONER'S MOTIONS FOR IMMEDIATE RELEASE

(ECF Nos. 1, 12, 15)

ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

(ECF No. 3)

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Colombia who arrived in the United States on September 7, 2018.[1] On November 6, 2024, Petitioner and his family filed an affirmative asylum application. (ECF No. 1 at 7–8.[2]) On November 10, 2025, Petitioner was arrested by local law enforcement for assault and battery with a knife. (ECF No. 9-3 at 2.) On November 11, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") as he was leaving the police station. (ECF No. 1 at 8; ECF No. 9-3 at 2.) On December 4, 2025, an immigration judge ("IJ") denied Petitioner bond after finding him a danger to the community. (ECF No. 9-5.)

[1] The petition alleges that Petitioner entered on a valid visa. (ECF No. 1 at 7.) The Form I-213 submitted by Respondents states that Petitioner entered the United States "without admission or inspection at an unknown location on an unknown date" and "was not encountered by any immigration authorities at that time." (ECF No. 9-3 at 3.)

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

On March 30, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 4.) On April 15, 2026, the assigned district judge denied the motion for TRO "as petitioner fails to establish a likelihood of success on the merits. Respondents confirm, and petitioner does not dispute, that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and received a § 1226(a) custody determination on 12/4/25, at which bond was denied on the merits." (ECF No. 10.) The matter was referred to the undersigned "for further proceedings, including the preparation of findings and recommendations on the petition." (Id.) Petitioner filed motions for release. (ECF Nos. 12, 15.) Per the Court's order, Respondents filed a supplemental brief on July 13, 2026. (ECF Nos. 16, 17.)

## II.

## DISCUSSION

"The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193, 1213 (9th Cir. 2022). Further, the Ninth Circuit rejected the argument that due process requires the government to justify detention under § 1226(a) by clear and convincing evidence. Id. at 1210–12. Here, Petitioner is detained pursuant to 28 U.S.C. § 1226(a), and he does not demonstrate that his case is distinguishable from Rodriguez Diaz.[3]

Petitioner has moved for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the

[3] In his motion for release, Petitioner requests immediate release given that his Massachusetts state criminal case has been dismissed. (ECF No. 12 at 1.) Under § 1226(a) and its implementing regulations, Petitioner "may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the Court's recommendation that the petition be denied, the Court will deny Petitioner's motion for appointment of counsel.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED; and
2. Petitioner's motions for immediate release (ECF Nos. 12, 15) be DENIED.

Further, Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge